# MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___9/13/24___

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br><br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br>18-md-2865 (LAK) |

### DEFENDANTS' NOTICE OF MOTION IN LIMINE TO EXCLUDE UNAUTHENTICATED HEARSAY DOCUMENTS

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, dated August 15, 2024, Defendants, by their undersigned attorneys, will move the Court before the Honorable Lewis A. Kaplan at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 21B, at a date and time to be determined by the Court, for an order excluding the unauthenticated hearsay documents Bates-stamped with the prefix

Memorandum Endorsement        In re Customs and Tax Admin., Master Docket 18-md-2865 (LAK)

      Defendants move to exclude the so-called Elysium Documents as inadmissible hearsay.[1]  The Elysium Documents are purported trading records of Solo Capital-related entities recovered in Dubai pursuant to a search authorized by the Dubai International Financial Centre courts.[2]  Specifically, the documents are records of what plaintiff characterizes as "circular" trading activity engaged in by defendants and their alleged co-conspirators, including "trade confirmations, account statements, invoices, and spreadsheets of trades."[3]

      Defendants argue that the Elysium Documents are hearsay because plaintiff seeks to introduce them for their truth and that they are inadmissible because neither the business records exception nor any other exception to the rule against hearsay applies.[4]  Plaintiff argues that the documents are not hearsay because it does not seek to introduce the documents for their truth.  It argues in the alternative that the documents would be admissible even if offered for their truth because they are statements of defendants' alleged co-conspirators.  They argue also that two exceptions to the rule against hearsay apply.

      The Court need not decide whether plaintiff is offering the documents for their truth because it holds that, were they to be used for their truth, they may well prove to be admissible as non-hearsay statements of an opposing party's co-conspirators.

      Federal Rule of Evidence 801 provides that a statement is not hearsay notwithstanding being introduced for its truth if "[t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy."[5]  To admit such a statement under the rule, a court must find by a preponderance of the evidence: "first, that a conspiracy existed that included the defendant and the declarant; and second, that the statement was made during the course of

---

[1]
      Dkt 1142.

[2]
      As the Court noted previously, Sanjay Shah, a non-party witness and the alleged progenitor of the fraudulent scheme, "testified in another proceeding that Elysium Global (Dubai) Ltd. — the records of which were contained in the Elysium Documents — formerly was known as Solo Capital (Dubai) Ltd."  Dkt 1119 at 3.

[3]
      Dkt at 1157 (Pl. Mem.) at 4–8.

[4]
      Dkt 1144 (Def. Mem.).  Defendants' also question the authenticity of the Elysium Documents but do not seek to exclude them on that basis.  Dkt 1144 (Def. Mem.) at 4.  The Court need not, therefore, consider this issue now.

[5]
      Fed. R. Evid. 801(d)(2)(E).

and in furtherance of that conspiracy."[6]  Although these determinations are "a condition precedent to the admission of the declarations of the co-conspirator . . . . [a]s a concession to the practicalities of proof . . . the trial court in its discretion may admit a particular piece of evidence 'subject to connection.'"[7]

In this case, plaintiff represents that it will offer proof at trial that Shah and Solo conspired with defendants to defraud plaintiff.  Plaintiff states that it will introduce at trial:

> "(i) emails between Shah and defendant Richard Markowitz about participating in the scheme; (ii) agreements between and among Solo Capital and defendants to split the profits; (iii) evidence of the defendants' formation of new pension plans and use of 40 pension plans to participate in the scheme; (iv) the defendants' authorizations to payment agents to submit dividend withholding tax refund claims to SKAT; and (v) evidence . . . that the Solo custodians never held the Danish shares or received the dividends the defendant plans purported to own."[8]

The Elysium Documents, furthermore, were made in furtherance of the conspiracy, says plaintiff, because they "formed the basis for the false dividend credit advices that defendants submitted to SKAT" in support of their tax refund claims.[9]  These representations, if substantiated at trial, would satisfy the requirements for the admission of statements of an opposing party's co-conspirator.

Accordingly, as the Court cannot now exclude the possibility that the Elysium Documents will prove to be admissible as non-hearsay under Rule 801(d)(2)(E), it will receive them subject to connection.  If at the close of plaintiff's case the defendants move to strike them to the extent they were received for their truth subject to connection on the ground that the connection has not been proved by a preponderance of the evidence, the Court will strike the documents insofar as they were received for the truth, and more broadly if appropriate, and instruct the jury accordingly unless an alternative basis for admission has been established.[10]

---

[6]

*United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999); *see United States v. Wedd*, 993 F.3d 104, 117 (2d Cir. 2021).

[7]

*United States v. Ziegler*, 583 F.2d 77, 80 (2d Cir. 1978); *see United States v. Lombardozzi*, No. S1 02-cr-273 (PKL), 2003 WL 1956290, at *2 (S.D.N.Y. Apr. 24, 2003).

[8]

Dkt 1157 (Pl. Mem.) at 16.

[9]

*Id*.

[10]

*See Ziegler*, 583 F.2d at 80; *Lombardozzi*, 2003 WL 1956290, at *2.

The Court notes that plaintiff advances several other potential bases for the admission of the Elysium Documents.

3

Defendants' motion (Dkt 1142) is denied.

SO ORDERED.

Dated:        September 13, 2024

_____
Lewis A. Kaplan
United States District Judge