# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/24

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case nos.:<br><br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**NOTICE OF PLAINTIFF SKATTEFORVALTNINGEN'S**
**MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING NET SETTLEMENT**

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law, dated August 15, 2024, and the Declaration of Marc A. Weinstein, dated August 15, 2024, with all exhibits thereto, plaintiff Skatteforvaltningen, by its undersigned attorneys, will move the Court before the Honorable Lewis A. Kaplan at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 21B, at a date and time to be determined by the Court, for an order pursuant to Rules 402 and 403 of the Federal Rules of

Memorandum Endorsement   In re Customs and Tax Admin., Master Docket 18-md-2865 (LAK)

    Plaintiff moves *in limine* (Dkt 1126) to exclude "argument suggesting that the Solo custodians could have 'net settled' the defendants' supposed share purchases without the cash or shares needed to do so, and any evidence or cross-examination intended to support such impermissible argument."[1]  In support of this motion, plaintiff relies upon this Court's order excluding as "unreliable and irrelevant" expert testimony "that defendant pension plans became, or could have become, beneficial owners of Danish securities through trades settled internally by a custodian [*i.e.*, net settlement] without respect for whether that custodian held any shares of that security."[2]  This order was made in the context of plaintiff's motion, which the Court granted, to exclude the proposed expert testimony of Dr. Emre Carr, whom defendants proffered would testify that it is possible to become the beneficial owner of a share through net settlement "without respect for whether" the custodian that net settled the transaction "held any shares of that security."[3]

    Defendants, who oppose this motion, assure the Court that they are cognizant of its prior order and will abide by it.  However, they contend that the relief plaintiff seeks in this motion is too broad and could preclude relevant evidence and argument.  Defendants contend that evidence of the legitimacy of the practice of net settlement in some contexts could be relevant to their good faith defense.  Specifically, they say that they "expect to offer account statements and related confirmations received from their duly-licensed brokerage custodians" that "might" fall within the category of evidence and argument plaintiff seeks to exclude.[4]  "Such evidence," they argue, "is relevant . . . to Defendants' innocent state of mind."[5]

    This argument — that evidence of net settlement would be relevant to defendants' state of mind — is a new one.  In their earlier briefing of the *Daubert* motion, defendants argued only that net settlement would be relevant to support their claim to beneficial share ownership.[6]

---

[1] Dkt 1129 (Pl. Mem.) at 1.

[2] Dkt 1118 (emphasis omitted); *see In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-cv-04051, 2023 WL 8039623, at *8 (S.D.N.Y. Nov. 20, 2023) ("[I]f a seller does not have any ownership rights in, for instance, a share, the seller cannot convey any ownership rights to a purported buyer.").

[3] Dkt 1118.

[4] Dkt 1159 (Def. Mem.) at 2–3.

[5] *Id*. at 3.

[6] Dkt 1086 (Def. Mem.) at 7 (arguing that evidence about net settlement would be relevant because it would "tend[] to rebut . . . SKAT's arguments[] that the absence of shares at the custodian would imply the absence of beneficial share ownership by each of the custodian's account holders").

2

Accordingly, in deciding the earlier motion, the Court did not consider whether such evidence or argument would be relevant to defendants' good faith defense. Defendants' new argument thus presents the question of the admissibility of net settlement in a different light. It is at least conceivable that evidence of net settlement could be relevant to defendants' state of mind, but the Court lacks a sufficiently specific understanding of what evidence of net settlement defendants propose to introduce and of the foundation for it. It would be premature, therefore, for the Court to rule definitively on the admissibility for a non-hearsay purpose of yet-unknown evidence.[7]

Plaintiff's motion is denied without prejudice to the extent it seeks to preclude defendants from introducing evidence or argument of net settlement relevant to their state of mind.

SO ORDERED.

Dated:    September 24, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[7] The Court notes plaintiff's concern that such evidence might "confuse the jury into thinking, contrary to the Court's order . . . , that supposed net settlements by the Solo custodians could have made the defendant plans the beneficial owners of shares, irrespective of whether the sellers ever had or delivered any shares." Dkt 1129 (Pl. Mem.) at 2. Should any evidence of net settlement be admitted at trial, the Court would consider an appropriate limiting instruction if so requested.