# Exhibit 24

CERTIFIED TRANSLATION

Extract from *"Obligationsretten – Almindelig del" (The law of obligations – the general part)*

Edition: 4
Published by: DJØF
Year of publication: 1967
ISBN: 978-87-574-0144-8
Authors: Henry Ussing

**Page 211**

It was not acknowledged in older legal constitutions that the creditor could transfer his right. According to English Common Law claims were in principle non-transferable until well into the 19th century, cf. *Bernard Gomard*, Juristen 1953.33 ff *Augdahl* 320, *Arnholm*, Privatrett III 66-67. Nowadays, it is the general rule that claims can be transferred without the debtor's consent. Creditors may often have an interest in being able to transfer their claims, e.g. sell or mortgage them and thereby exploit them financially. Most ordinary claims are probably not particularly suitable for turnover. There is on the other hand no significant concerns about allowing the transfer. On average, it must be of no major importance to the debtors who their creditor is, as long as the effect of the transfer s arranged in such a way that the debtors' interest is duly taken into consideration, cf. hereof below III, cf. below III. Cf. *Lassen* I 540. In several cases, however, the debtor's interests lead to the exclusion or restriction of access to transfer, see below section 22. The regulations on transfer of claims are not identical for all types of claims. *The general rules deviate in particular* in important directions when transferring *claims linked to negotiable instruments* (transferable documents) such as bonds listed on the stock exchange, mortgage deeds in real estate and bills of exchange. The most important special provisions for negotiable instruments are mentioned below in section 24-30. The presentation in section 20.III and section 21.11.A therefore includes only "unsecured claims", i.e. claims, that are not related to a negotiable instrument. They can be both written and oral. The term unsecured claims are established after "simple promissory notes" in the Danish Debt Instruments Act chapter 3. Reference is made to section 23.1 below regarding the term negotiable instruments.

If the general right to an assignment of claims must be reconciled with the debtors' interests, the legal system must place it as a main principle, that *the debtor's liability cannot be increased* by the claim transferring to a new creditor. This principle is fully upheld by most transfer methods. However, in the case of transfer of claims the principle is to some extent derogated from because of special reasons, see below section 21.II.A.1

Side 211

I ældre retsforfatninger var det ikke anerkendt, at fordringshaveren kunne overdrage sin ret. Efter engelsk "Common Law" var fordringer i princippet uoverdragelige til langt ned i det 19.årh. Jfr. *Bernhard Gomard,* Juristen 1953.33 ff, *Augdahl* 320, *Arnholm,* Privatrett III 66-67. I nutiden er det den almindelige regel, at fordringer kan overdrages uden skyldnerens samtykke. Fordringshaverne kan ofte have interesse i at kunne overdrage deres fordringer, f.eks. sælge eller pantsætte dem og derigennem udnytte dem økonomisk. De fleste almindelige fordringer er vel ikke særlig velegnede til omsætning. Men på den anden side er der ikke væsentlige betænkeligheder ved at tillade overførelsen. Gennemsnitlig må det være uden større betydning for skyldnerne, hvem der er deres fordringshaver, når blot virkningen af overdragelsen ordnes således, at der tages passende hensyn til skyldnernes interesse, jfr. herom nedenfor III. Jfr. *Lassen* I 540. I adskillige tilfælde fører skyldnerens interesser dog til at udelukke eller begrænse adgangen til overførelse, se herom nedenfor § 22. Reglerne om overførelse af fordringer er ikke ens for alle arter af fordringer. *De almindelige regler fraviges* navnlig i vigtige retninger *ved overdragelse af fordringer, der er knyttet til omsætnings papirer* (negotiable dokumenter) som f.eks de på børsen noterede »obligationer«, pantebreve i fast ejendom og veksler. De vigtigste særregler for omsætningspapirer omtales nedenfor i § § 24-30. Fremstillingen i § 20.III og § 21.11.A omfatter derfor kun *»simple fordringer«,* d.v.s. fordringer, der ikke er knyttet til et omsætningspapir. De kan være såvel skriftlige som mundtlige. Udtrykket simple fordringer er dannet efter »simple gældsbreve« i Gbl kap.3. Om begrebet omsætningspapir henvises til § 23.1 nedenfor.

Hvis den almindelige adgang til overførelse af fordringer skal forenes med skyldnernes interesser, må retsordenen for det første opstille som hovedgrundsætning, at *skyldnerens forpligtelse ikke kan forøges* ved, at fordringen går over til en ny kreditor. Denne grundsætning fastholdes fuldt ud ved de fleste overførelsesmåder. Ved overdragelse af fordringer fraviges den derimod af særlige grunde i et vist omfang, se herom nedenfor § 21.II.A.1.

*I, the undersigned, Hatice Aida Özsari, certify that I am fluent in both the English and Danish languages and that the preceding text in the English language is to the best of my knowledge and belief a true and faithful translation of the attached extract from the Danish textbook Obligationsretten – almindelig del, ISBN 978-87-574-0144-8 in the Danish language.*

Copenhagen, May 31 2022

Hatice Aida Özsari

Assistant Attorney, LLM