

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Elliot R. Peters**
(415) 676-2273
epeters@keker.com

October 17, 2024

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
KaplanNYSDChambers@nysd.uscourts.gov

Re:   In re Customs and Tax Administration of the Kingdom of Denmark
      (Skatteforvaltningen) Tax Refund Scheme Litigation, 18-md-2865 (LAK)
18CV4434, 18CV4833, 18CV7824, 18CV7827, 18CV7828, 18CV7829, 19CV1781,
19CV1783, 19CV1785, 19CV1788, 19CV1791, 19CV1792, 19CV1794, 19CV1798,
19CV1800, 19CV1801, 19CV1803, 19CV1806, 19CV1808, 19CV1809, 19CV1810,
19CV1812, 19CV1813, 19CV1815, 19CV1818, 19CV1865, 19CV1866, 19CV1867,
19CV1868, 19CV1869, 19CV1870, 19CV1871, 19CV1873, 19CV1893, 19CV1894,
19CV1895, 19CV1896, 19CV1898, 19CV1904, 19CV1906, 19CV1911, 19CV1918,
19CV1922, 19CV1924, 19CV1926, 19CV1928, 19CV1929, 19CV1930, 19CV1931,
19CV10713,  21CV5339

Dear Judge Kaplan,

Defendant Michael Ben-Jacob submits this request in response to Plaintiff Skatteforvaltningen's ("SKAT") Response to Defendants' Offers of Proof Regarding an Advice of Counsel Defense. ECF No. 1215.  SKAT's Response makes clear that it is intending to itself offer certain evidence reflecting the involvement of attorneys, object to other such evidence, and request a limiting instruction with respect to other categories of such evidence, but it provides no further specificity.  SKAT's straddling on these issues injects confusion as to the specific evidence it seeks to admit, exclude, or have admitted for a limited purpose, making the Court's job in assessing the admissibility of that evidence extremely difficult. Ben-Jacob thus respectfully requests that the Court order SKAT to submit an Offer of Proof making clear what evidence "pertaining to the presence or involvement of attorneys or legal advice received" it proposes to introduce at trial, what evidence it proposes be admitted only for a limited purpose, and what it proposes to exclude.

Honorable Lewis A. Kaplan
October 17, 2024
Page 2

SKAT's Response makes clear that it deems some evidence pertaining to the presence or involvement of attorneys or legal advice received as relevant and admissible, yet simultaneously seeks to exclude or limit via an instruction from the Court other evidence on those same topics. For example, SKAT states that "while some of Defendants' proffered evidence may otherwise be relevant," certain categories of evidence related to Ben-Jacob and Kaye Scholer attorneys' work "have no bearing on Defendants' supposed good faith in making the beneficial ownership representations to SKAT." *Id.* at 11.  SKAT further states that "[t]o the extent Ben-Jacob's proffered testimony about what the other Defendants (or their former partner non-party Jerome Lhote) told him about Danish law, or for that matter, any other advice they purportedly received is admissible, SKAT agrees with Ben-Jacob that the Court should give an appropriate limiting instruction to the jury that they should not consider such evidence in determining the other Defendants' liability." *Id.*  The combination of these statements, among others, in SKAT's Response leaves the Defendants, including Ben-Jacob, unable to ascertain the scope of SKAT's motion and the requested relief.  In short, SKAT's position is unclear as to precisely: a) what evidence is the subject of its motion, and b) its specific proposal as to that evidence.  Absent a clear position on what SKAT seeks to introduce, exclude, or subject to a limiting instruction, the Court cannot fairly be expected to rule on SKAT's motion.

Ben-Jacob thus respectfully requests that the Court order SKAT to clarify its position through an offer of proof identifying what evidence "pertaining to the presence or involvement of attorneys or legal advice received" SKAT intends to introduce, exclude, or subject to a limiting instruction at trial.

Respectfully submitted,

Elliot R. Peters

ERP:mls